## WILLIAM PATTON *et al.*

### *v.*

## GEORGE W. CAMPBELL.

1. CHANCERY JURISDICTION—*on ground of accident.* It is not every case of accident which will justify the interposition of a court of equity. The jurisdiction will be maintained only where a court of law can not grant equitable relief, and where the party has a conscientious title to relief.

2. SAME—*on loss of sealed instrument.* In the case of lost instruments under seal, equity will take jurisdiction, for the reason that, until recently, no remedy could be had on such instruments in a court of law, because no profert could be made.

3. RESCISSION—*of sale for fraud.* If a party, knowing himself to be insolvent or in failing circumstances, by means of fraudulent pretenses or representations, purchases goods, with the design to cheat the vendor out of the same, the latter may rescind the sale for fraud, and recover the goods by replevin, if they have not passed into the hands of innocent purchasers.

4. Where the only untrue representations made by a purchaser of goods were, that he had purchased and could purchase of a certain firm on four months' credit, and thereby obtained one more month's credit, and it did not appear that he was insolvent at the time, or in failing circumstances, though within two months afterwards he became an involuntary bankrupt: *Held,* that the vendor had no right to rescind the sale and recover back the goods in replevin.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BENTLEY, SWETT & QUIGG, for the appellants.

Messrs. WAITE & CLARKE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed in the Superior Court of Cook county, by George W. Campbell, as assignee in bankruptcy of the late firm of Durham & Wood, against William Patton and others, to recover the value of certain goods which had been replevied by Patton & Co. from Durham & Wood.

It appears from the record that on or about the 20th of October, 1870, Patton & Co., of New York, sold Durham & Wood, of Chicago, a bill of goods, amounting to $1600, on a credit of four months. About the first of November, after the sale, Durham & Wood failed, and Patton & Co. commenced an action of replevin to recover the goods they had sold. A replevin bond in the penal sum of $1000, in the usual form, was filed with the papers in the action, and $800 or $900 worth of the goods were replevied.

In the fire of October 8th and 9th, 1871, the papers in the case, including the bond, were destroyed. Subsequently the action was dismissed.

The defendants answered the bill, to which replication was filed, the cause was heard on the proofs taken, and decree rendered in favor of complainants for $850.

The defendants bring the cause to this court, and seek to reverse the decree on two grounds:

*First.* For the reason a court of chancery has no jurisdiction, the remedy of complainants being complete at law.

*Second.* The purchase of goods from Patton & Co., by Durham & Wood, was fraudulent, and Patton & Co., upon discovery of the fraud, had the right to rescind the sale and replevy the property.

The questions will be considered in the order in which they are raised.

The bill in this case is filed to recover upon an instrument under seal, which had been destroyed.

The jurisdiction of a court of equity arising from accident is a very old head, in equity, and probably coeval with its

74        PATTON *et al.* *v.* CAMPBELL.       [Sept. T.

Opinion of the Court.

existence. But it is not every case of accident which will justify the interposition of a court of equity. The jurisdiction will be maintained only when a court of law can not grant suitable relief; and where the party has a conscientious title to relief. 1 Story Eq. Jur., sec. 79.

In case, however, of lost instruments under seal, equity takes jurisdiction, on the ground that, until a recent period, it was the settled doctrine that there was no remedy on a lost bond in a court of common law, because there could be no profert of the instrument, without which the declaration would be defective. The jurisdiction having been assumed and exercised on this ground, it is still retained and upheld. 1 Story Eq. Jur., sec. 81; *Walmsley* v. *Child,* 1 Vesey, Sen., 341; *Fisher* v. *Sievres,* 65 Ill. 99.

Under the allegations in the bill in this cause, we think it is well settled that a court of equity had jurisdiction.

The remaining question in the case is, were the goods purchased under such circumstances as gave the appellants the right of rescission on the ground of fraud, or was there such a fraud practiced that the title to the property did not pass to Durham & Wood?

The evidence shows that Hart, who was a traveling agent for appellants, called on Durham & Wood, in Chicago, to sell them goods. They examined his samples and told him they wanted to make a large order, and wanted to buy on four months' time. Hart told them, Patton & Co. hardly ever vary from three months' time. Durham remarked, he had bought and could buy of A. T. Stewart & Co., of New York, on four months' time. On this statement, Hart sold the goods on four months' time.

It turned out, on investigation, that Durham & Wood had only bought two bills of goods of Stewart & Co., and they were sold on thirty days' credit.

While it is true, the statement made by Durham, that he had bought and could buy goods of Stewart & Co. on four months' time, was false, yet, it does not appear that this

statement induced Hart to sell the goods; it only had the effect to cause him to give one month longer credit on the goods than he otherwise would, which did not, in this case, in anywise affect the rights of appellants, for the reason that the failure occurred and the goods were replevied within less than two months after the sale.

It appears, from the evidence, that Hart made no objection to sell the goods on three months' time; he neither asked nor required any representations from Durham, as to the standing or responsibility of the firm, to induce him to sell the goods on a credit of three months. At the time the goods were purchased, it does not appear that Durham & Wood were in failing circumstances, insolvent, or in any manner pressed by their creditors; for aught that appears they were at that time solvent, and responsible for all their contracts.

Neither does it appear that they made any false representations in regard to what they were worth, what property they owned, or the amount of debts they had contracted.

It is not shown that the goods were bought with the intent not to pay for them, or with a view to make an assignment.

We understand the rule to be, that if a party, knowing himself to be insolvent, or in failing circumstances, by means of fraudulent pretenses or representations, purchases goods with the intention not to pay for them, but with the design to cheat the vendor out of his goods, such facts would warrant the vendor in rescinding the contract for fraud, and would justify him in recovering possession of the property by replevin, where the goods had not in good faith passed into the hands of third parties. *Henshaw* v. *Bryant et al.* 4 Scam. 97.

But the case under consideration does not come within this rule.

There is no evidence in this record to show that the goods were bought with any impure or wrong motives.

It is true that, some two months after the purchase of the goods, the parties went into bankruptcy, but this was invol-

untary, and does not, of itself, show the condition of the firm at the time the goods were bought.

Upon a careful examination of the whole record, we are satisfied the decree of the court below was correct, and it will be affirmed.

*Decree affirmed.*