## MORRIS & LEWIS

### v.

## JOHN M. RETICKER.

*Sales—Fraud—Instructions.*

1. The mere suppression of facts as to his financial standing by a purchaser of goods, is not fraudulent, unless his intention is to obtain possession of the goods and not pay for them.

2. It is not error for the court to modify an instruction when the effect is simply to express the law applicable to the case.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. W. H. GEST and P. O'MARA, for appellants.

Messrs. PLEASANTS & HURST, for appellee.

LACEY, J. The appellants sued the appellee, who is the sheriff of Rock Island county, in an action of replevin to recover certain goods purchased by Willard G. Nickerson of appellants, residing and doing business in Philadelphia, Pennsylvania, and, before replevin, levied on by the appellee as the property of Nickerson, by virtue of certain executions issued out of the County Court of said county, one in favor of L. S. McCabe and one in favor of Wm. Meyer, against Nickerson, which judgments were confessed by said Nickerson.

The appellants claim that the sale by them to Nickerson of the goods in question was fraudulent on the part of the latter, and that they have a right to retake the goods as against the execution creditors of Nickerson; that the latter are not *bona fide* purchasers without notice, and that they simply stand in Nickerson's shoes. It is claimed by appellants that the fraud complained of by them was in the conduct of Nickerson at the time of the purchase of the bill of goods in controversy,

of Wm. E. Somers, the traveling salesman of appellants, in that Nickerson made false and fraudulent representations in regard to his financial ability, which induced the sale, and also suppressed certain facts within his knowledge, with intent to defraud appellants by obtaining possession of the goods with intent not to pay for them. As to the alleged charge of false and fraudulent representations on the part of Nickerson, it is wholly denied by him, while they were testified to by Somers. It became a question as between those two witnesses, which the jury would believe; and we are unable to say that it was not justified in believing the testimony of Nickerson to the exclusion of that of Somers. Then the suppression of certain facts by Nickerson from Somers at the time of the purchase consisted in not disclosing to Somers the existence of certain judgment notes outstanding against Nickerson, including the notes upon which the judgments in favor of the execution creditors in this suit are based, amounting to about $1,500. It may also be properly claimed that he suppressed the further fact that he was indebted for goods to about the amount of $1,300 besides. It would not be a fraud in law, arising from the mere circumstance that these facts were suppressed, or other facts of like character, sufficient to annul the sale at the option of appellants, but in connection with the fact of such suppression it must further appear that it was done with the intent to get possession of the goods and not to pay for them. Or to authorize the court to instruct the jury, as though it were a matter of law, the *suppressio veri* must be under such circumstances as to lead irresistibly to the conclusion that such was the intent, and where the court could pronounce that, no jury would be justified in finding otherwise. On the question of the fraudulent intent on the part of Nickerson, as well as on the charge of false representation, we do not feel at liberty to hold that the jury were not justified in finding the issue for the appellee.

The appellants complain, also, of the action of the court below in modifying instructions Nos. 2 and 5, asked for by appellants, and the giving of them as modified. The objec-

tions made to the modification of the instructions are more in the nature of mere verbal criticism than of substance. It is claimed that the instructions, as asked, contained the hypothesis that the supposed suppression must have been made with the intention on the part of Nickerson not to pay for the goods, and that the modifications, while they presented the same idea, were couched in too strong language, being liable to mislead the jury in giving it to understand that the proof must show that " a crime was committed by Nickerson in the purchase of the goods." We do not think the criticism is just. The words used by the court in its modification were that the suppression of facts must have been with the intent on Nickerson's part to " cheat and defraud " when he bought them (the goods) or " with intention of cheating plaintiffs." The words used by the court imply no more than the law requires to make out appellant's case. There must be an actual intent and purpose on the part of the purchaser in suppressing the material facts to obtain possession of the goods by such means, and not to pay for them. This amounts to cheating and defrauding. Besides, the expression used by appellants' second offered instruction, "and did not intend to pay for the goods," is rather weak. This might imply that while he had no intention *not to pay for them,* he made the suppression without *positive intention to pay for them.* The jury might infer from it, if such a thing were possible, that if Nickerson's mind in making the suppression in regard to paying for the goods was in a state of careless indifference, or inert on the subject, or he had not present or positive intention to pay for them, he would still be guilty of fatal fraud in suppressing the facts. It were better to make it plain to the jury what the law was, as the court did, by the modifications. The refusal on the part of the court to give appellant's 6th, 7th and 8th instructions asked for, was not error. Each of them, as asked, omitted the hypothesis that the suppression must have been with intent not to pay for the goods, and the law was fully given in other instructions. We had occasion to fully consider the question of the sufficiency of similar instructions as those named in the case of Reticker v. Kotzen-

stein & Wachtel, 26 Ill. App. 33, and held them insufficient and reversed the judgment for such reason, citing Henshaw, v. Bryant, 4 Scam. 97; Patten v. Campbell, 70 Ill. 72; Morrill v. Corben, 13 Ill. App. 31; Catlin v. Warren, 16 Ill. App. 413; Flower v. Farwell, 18 Ill. App. 254, 341.

We see no error in the giving of appellee's second and third instructions. They were not liable to mislead in the respects complained of. On the whole the jury was fairly instructed as to the law of the case.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*