## The People of Illinois, for the use of the City of Mt. Vernon, v. Joseph E. Pace et al.

1. PLEADING—*Joint and Several Obligations.*—Under Section 3, Ch. 76, R. S., entitled " Joint Rights and Obligations," it is not essential that it should appear in the declaration that the instrument sued on is joint or several, or joint and several.

2. SAME—*On Official Bonds—Appointment of the Officer.*—An averment in a declaration upon the official bond of a city collector that the officer was lawfully appointed, and that he entered upon the duties of his office, is a sufficient averment of the fact. It is not necessary to set out his commission.

3. LOST INSTRUMENTS—*Suits upon—Oyer.*—Under Section 19 of the Practice Act (R. S., Ch. 110), the plaintiff in a suit upon an instrument in writing is relieved of making profert of the instrument by averring in his declaration that it is lost or destroyed.

4. SAME—*Jurisdiction in Equity.*—A court of equity has concurrent jurisdiction with a court of law in suits upon lost bonds, when at law suitable relief can not be granted.

5. PRACTICE—*Copy of Instrument Sued on—Oyer of Lost Instruments.*—A copy of the instrument sued on is no part of the declaration, and is not the foundation of the suit; to make it so, that the court may notice it for any purpose, the defendant must crave oyer, and this can not be done where the instrument is lost or destroyed.

6. OYER—*When it May be Craved.*—Under Chapter 110, R. S., commonly known as the Practice Act, oyer may be craved of an instrument sued on, when a copy of it is required to be filed with the declaration.

7. BONDS—*Acknowledgment Not Essential.*—An acknowledgment is not essential to the validity of a city collector's bond.

8.  SAME—*The People as Obligees—Usee.*—The people are usually the
obligees in official bonds and the recitals indicate the usee.

9.  SAME—*Statutory and Common Law Obligations.*—Where an official
of a city gives a bond, if not good as a statutory obligation, it may be
good at common law, and the officer and his sureties are estopped to
deny its validity where he receives money by virtue of his office.

**Memorandum.**—Debt on an official bond.  In the Circuit Court of
Jefferson County; the Hon. SILAS Z. LANDES, Judge, presiding.  Judg-
ment on demurrer to declaration; appeal by plaintiff.  Heard in this
court at the August term, 1894.  Reversed and remanded.  Opinion filed
March 23, 1895.

NORMAN H. Moss, attorney for appellants.

GEORGE B. LEONARD, attorney for appellees.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.
This suit was brought on the official bond of appellee, as
city collector of the city of Mt. Vernon.  The declaration
is in the usual form, and for breach avers that, as such col-
lector, he received certain moneys levied by special assess-
ment, which he neglects and refuses to pay.  The facts are
fully set forth.  A demurrer.was interposed to the declara-
tion on the special grounds: 1. That it does not appear
the bond declared on is joint or several, or joint and several.
2. No copy of the bond is filed with the declaration.  3.
That it does not appear Jos. E. Pace was lawfully appointed
and commissioned or that said bond was approved and ac-
cepted.  4. The bond being lost the declaration is insuffi-
cient.

The demurrer was sustained by the court and plaintiff
elected to stand by the declaration, whereupon the suit was
dismissed.

The first point is not well taken; see Sec. 3, Chap. 76;
nor the third point.  The declaration avers that he was law-
fully appointed and that he entered upon the duties of his
office.  The commission would only be evidence of such ap-
pointment and is matter of evidence.  He can not be heard
to say he was not commissioned.  The second and fourth
points are to the same effect, viz., that the bond being lost,

a copy can not be filed, as required by Sec. 17 of the Practice Act. A copy of the instrument sued on is no part of the declaration (Humphrey v. Phillips, 57 Ill. 132), and is not the foundation of the suit. Stratton v. Henderson, 26 Ill. 68–75. To make it so, that the court may notice it for any purpose, the defendant must crave oyer. Sims v. Hugby, Breese, 413. This can not be done if the instrument itself is lost or destroyed. Sec. 19, Practice Act. And the pleader is relieved of making profert by averring it is so lost. This brings us to the point which it is said determined the court below to sustain the demurrer, viz., that the remedy on a lost bond was in equity. The case of Patton v. Campbell, 70 Ill. 72, is cited in support of that position. This case does not so hold, but that a court of equity has concurrent jurisdiction in case of lost bonds, where at law suitable relief can not be granted. This is understood to be the effect of that case, for it is said there, " Under the allegations of the bill in this cause, we think it is well settled that a court of equity had jurisdiction."

The case of Fisher v. Sievers, 65 Ill. 99, is cited in above case, wherein a bill in equity on a lost judgment was dismissed because " there was an adequate remedy at law." It is there further said : " We apprehend the bill must always *lay some ground besides the mere loss of the instrument of evidence,* to justify the interposition of a court of equity to grant relief;" citing 1 Story's Eq. Jur., Secs. 84 and 86. It is also said : " We do not perceive why an action at law might not as well have been brought upon this judgment as a suit in equity; why the same evidence would not have been admissible in the one court as in the other, and why the same proof that would have justified a decree in chancery for the amount of the judgment would not have warranted a judgment at law for the recovery of the same amount."

Mr. Wait says, on page 705 of his first volume on Actions and Defenses : " Formerly a court of common law afforded no remedy on a lost bond, for the reason that there could be no profert of the instrument, without which the

declaration would be fatally defective. But profert has been dispensed with, and courts of law now entertain jurisdiction upon an allegation of loss, by time and accident, stated in the declaration."

In those States where there is not statutory authority empowering a common law court to require indemnity in case of a suit at law upon lost instruments, the equity side of the court is regarded with favor as affording a more complete and perfect remedy. 1st Vol. Wait's Actions and Defenses, p. 163. But Sec. 14, Chap. 98, of our statutes, gives common law courts that power.

This suit was properly brought at law on the lost bond. If this position is correct, then it necessarily follows that Sec. 17 of Chap. 110, which requires the plaintiff to file a copy of the instrument sued on, relates to instruments other than those lost or destroyed, referred to in Sec. 19 of same chapter. This is properly implied, not only from 65 Ill., *supra*, but from Sec. 19. This latter section, considered with Sec. 17, means that oyer may be craved of all instruments sued on, of which a copy is required to be filed.

If there is no original instrument in existence, Sec. 17 does not require a copy to be filed. A number of points are made against the declaration which are special and not covered by the demurrer. It is said: 1. There is no averment the bond was acknowledged and signed by the principal. The declaration is in the usual form in that respect. Acknowledgment is not essential to its validity. 2. That the bond was not made payable to the city of Mt. Vernon, as provided by Sec. 4, Art. 6, Chap. 6. The people are usually the obligees of official bonds and the recitals indicate the usee. The averments of the declaration show appellee was an official of the city and as such gave the bond sued on. If not good as a statutory bond, it is as a common law bond. He and his sureties are estopped to deny the validity of a bond or process where the officer thereunder receives money by virtue of his office. Coons v. People, 76 Ill. 383. It is not deemed necessary to review all the points made, not named in the special demurrer. It may be

that on being pointed out by special demurrer, the plaintiff would amend.

We hold the demurrer was improperly sustained and the judgment is reversed and the cause remanded.