[No. 2777. Decided April 28, 1898.]

Thomas A. Casey *et al.*, *Appellants*, v. William Mali-
dore, *Respondent.*

NEW TRIAL — IMPOSITION OF TERMS — WAIVER OF COSTS.

Where a new trial is granted plaintiff, because of error of the
court in ruling that his complaint does not state a cause of action,
the plaintiff is entitled to the new trial unconditionally, and it
is error to impose terms that his motion will be granted on con-
dition of his filing a waiver of costs to date.

Appeal from Superior Court, King County.—Hon.
E. D. Benson, Judge. Reversed.

*G. L. McKay*, for appellants.

*Byers & Byers*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—This is substantially an appeal from an
order denying a motion for a new trial. When the cause
came on for trial the defendant objected to the introduc-
tion of any evidence on the ground that the complaint did
not state a cause of action, and this motion was sustained.
Thereafter the plaintiffs moved for a new trial, and the
motion was granted on condition that the plaintiffs should
within ten days file a waiver of costs to date. This order
was made on the 28th day of May. On June 8th follow-
ing the court rendered a judgment for the defendant, recit-
ing therein the previous orders and that the terms of the
order providing for a new trial had not been complied
with, and that the motion was therefore denied. There-
after the plaintiffs moved to vacate this judgment, setting
up the foregoing proceedings and making a showing that
they had attempted to comply with the order providing

for a new trial in substance as follows, viz., that the office of the plaintiffs' attorney was in Tacoma; that on the 29th or 30th day of May, said attorney received notice of the conditional order for a new trial, the matter having for some days prior to May 28th been held by the court under advisement; that some further correspondence was necessary; that the plaintiffs resided at Buckley and it was also necessary to communicate with them; that on the morning of the 7th of June said attorney duly mailed, etc., a letter addressed to the judge who had acted in said matter containing a waiver of the said costs, and that it should have been delivered to him either that day or the next morning, and that it was delivered to him before the judgment was entered on said day. The motion to vacate was denied and the plaintiffs took this appeal.

A compliance with the order for a new trial would have required a filing of the waiver of costs with the clerk of the court on or before June 7th. It was not a correct practice to send it to the judge at all. But, overlooking this, there was no proof that it had been received by the judge before June 8th, and the time expired on the 7th. Nor was there a sufficient showing of diligence to warrant our holding that there was an abuse of discretion upon the part of the court, if that question could be considered under the circumstances, and the action of the court in denying the motion for a new trial and in refusing to vacate the judgment would have to be sustained, if considered with reference to the showing as to a compliance with the order. But it is contended that the court had no right to impose terms at all as a condition of granting the motion for a new trial. The motion was founded upon subd. 8 of § 400, 2 Hill's Code (Bal. Code, § 5071), viz., an error in the ruling of the court that the complaint did not state a cause of action. And, if the ruling was erroneous, a new trial should

have been granted unconditionally. The action was in replevin and was brought to recover " one hundred cords of shingle bolts and all cedar timber" situated on certain real estate described in the complaint. One of the objections raised was that the complaint failed to allege the partnership of the plaintiffs, but it was allowed to be amended in this respect. The second was that the action was brought to recover standing timber, and that this could not be replevied; and the third was that it did not appear that the property was situated in King county. Whatever the construction of the complaint should be as to the cedar timber, whether cut or standing, clearly the shingle bolts were personal property, and the complaint as to them stated a cause of action; the particular land upon which they were situated was described, with the allegation also that it was in King county, where the action was brought. It was error to sustain the objection to the introduction of any evidence. The subsequent action of the court in refusing to set aside the verdict and in rendering judgment is reversed and the cause remanded for a new trial without terms.

ANDERS, DUNBAR, GORDON and REAVIS, JJ., concur.