# Security Insurance Company, Appellant, v. Richard Slack, Appellee.

1. PLEADING, § 343*—*when copy of instrument sued on need not be filed with declaration.* Paragraph 32 of Practice Act, J. & A. ¶ 8569, requiring a copy of the instrument sued on to be filed ten days before the second term of court, does not apply where the instrument sued on has been lost or destroyed by fire.

2. INSURANCE, § 569*—*when copy of policy need not be filed with declaration.* In an action on an insurance policy, a copy of the policy need not be filed with the declaration ten days before the second term of court where the policy was destroyed by fire and was set out *in haec verba* in the declaration as soon as a copy of it was furnished by the insurance company after demand therefor.

3. INSURANCE, § 552*—*jurisdiction of city courts.* R. S. c. 110 ¶ 7, J. & A. ¶ 8544, giving courts of record of the county in which plaintiff or complainant resides jurisdiction in actions by individuals against insurance companies, does not deprive city courts of jurisdiction where plaintiff resides and the defendant is served in the city where the court is located.

4. INSURANCE, § 637*—*when proofs of loss with attached inventory admissible.* Proof of loss with attached inventory is admissible in evidence to show that insured had complied with the provisions of the policy in regard to furnishing them, but they are not proper evidence to be considered by the jury in fixing the value of the articles named therein.

5. INSURANCE, § 701*—*measure of damages for loss by fire.* In an action for fire insurance, the measure of damages is not the original value of the goods insured but the amount or extent of the loss or damage occasioned by the fire.

6. INSURANCE, § 699*—*when instruction improperly assumes damages resulted after the fire.* Requested instruction informing the jury that they should not award insured damages for injuries to the property resulting from the refusal of a police officer to admit him to the premises for some days after the fire, *held* properly refused as assuming that there were damages to the property resulting from insured not being permitted to take possession of his property at once after the fire.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded.. Opinion filed October 9, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

E. P. PEERS and EDGAR P. HOLLY, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit in *assumpsit* to the September Term, 1911, of the City Court of the city of East St. Louis, on an insurance policy for $1,000, issued on household goods and clothing of appellee, which he alleges were destroyed by fire June 4, 1911.

The declaration, which was filed November 3, 1911, had no copy of the policy filed with it, but it was alleged therein that the original had been destroyed by the fire and that appellee had demanded a copy thereof of appellant, which has been refused. Appellant then filed a motion asking that appellee be compelled to file a copy of the policy, and tendered a copy for that purpose. Appellee confessed the motion and the cause was continued. On January 5, 1912, appellee filed an amended declaration, setting out therein a copy of the policy *in haec verba,* but filing no separate copy thereof. Afterwards appellant asked judgment of dismissal against appellee on the ground that a copy of the instrument sued on had not been filed ten days before the second term, but this was denied and later the cause was again continued. On March 12, a copy of the policy was filed with the declaration.

A declaration of four counts was filed, which in addition to the usual averments stated that appellant had waived proof of loss, together with certificate of a magistrate thereto, by disclaiming liability; that the policy was destroyed by fire; that appellant refused to furnish blanks upon which appellee could make the proofs required until after the sixty-day limit named in the policy; that within sixty days appellee delivered proof of claim and schedule according to his best ability and knowledge. The general issue was filed, also special pleas, alleging that appellee had filed a fraudu-

lent statement; that he permitted gas jets to remain open in the house, so that the escaping gas came in contact with fire and caused an explosion; that a demand for a certificate of a magistrate had been made on appellee and not furnished; that appellee failed to use reasonable means to save or preserve property after the fire, and that naphtha, benzine and other explosives were kept about the house. At the September term of court, 1912, appellant entered a motion to dismiss the cause for want of jurisdiction, which was denied and the cause was continued until the following January term, at which time, after the case had been called for trial appellee, over the objection of appellant, was permitted to file three additional replications. Further pleadings were had which finally resulted in joinder of issues, a trial, verdict of the jury in favor of appellee for $775 and judgment in his favor for that amount.

Appellant advances as reasons why this judgment should be reversed that the City Court of East St. Louis had no jurisdiction in this class of cases; that the suit should have been dismissed for failure of appellee to file a copy of the instrument sued on ten days before the second term; that the court made improper remarks concerning the case, in the presence of the jury; that the court erred in admitting the proof of loss in evidence in allowing appellee to file additional replications after the cause had been called for trial and in refusing to give an instruction offered for appellant; and that the verdict was not sustained by the weight of the evidence.

To sustain the claim that the City Court of East St. Louis had no jurisdiction in this class of cases, appellant refers to paragraph 7, chapter 110 of the Revised Statutes (J. & A. ¶ 8544), which provides that "The courts of record of the county wherein the plaintiff or complainant may reside, shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorpor-

ated by any law of this State or doing business in this State. And all process issued in any cause commenced in the county wherein the plaintiff may reside, wherein an individual may be plaintiff or complainant, and any such company defendant may be directed to any county of this State for service and return.'' Appellant insists that the City Courts are not ''courts of record of the county'' within the meaning of this act and rely upon the case of *Maccabees of the World v. Harrington,* 227 Ill. 511, as sustaining this doctrine. It is 'true that certain language is used in that case, which appears in general terms to support appellant's position, but a careful reading appears to us to demonstrate that it is not intended to apply to the question here raised by appellant. There, a resident of the city of Chicago commenced suit in the City Court of Chicago Heights and summons was issued to the sheriff of Sangamon county and served on the superintendent of insurance as agent of the insurance company. The cause of action had accrued in the city of Chicago and neither the plaintiffs, the defendant nor the agent of the latter served with process had legal residence in the city of Chicago Heights. The Supreme Court in that opinion stated: ''The only question to be determined is whether the City Court of Chicago Heights obtained jurisdiction of the person of the defendant and had the power, under the service had, to render a judgment *in personam* against it.'' The court held that said City Court had no such jurisdiction, basing its opinion largely upon the fact that it had been often held by the Supreme Court ''that the territorial limits of the jurisdiction of a City Court for service of original process is confined to the city limits wherein such court is located.'' It is plain from what is there stated, that for the purpose of the service of process a City Court is not a court of record of a county within the language of the statute. The question was not raised in that case as to whether a suit by an individual against an insurance company was one of a class

of cases of which city courts had jurisdiction. The case before us is very different from the one referred to. Here the suit was commenced by a resident of the city and service was had on appellant within the city limits and it was not necessary to take advantage of the statute to issue process for service outside of the city. Section 1 of our statute in reference to city courts (J. & A. ¶ 3289), provides that they "shall have concurrent jurisdiction with the circuit courts within the city in which the same may be, in all civil cases, etc." We are of opinion that in cases such as this, where the plaintiff resides and the defendant is served in the city where the court is located, the City Court has jurisdiction, and that the court below in this case properly refused to dismiss the suit for want of jurisdiction.

Paragraph 32 of our Practice Act (J. & A. ¶ 8569), provides that: "If the declaration and copy of the instrument of writing or account on which the action is brought, shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of non suit." Appellant insists that as the copy of the insurance policy here sued on was not filed ten days before the second term of the court, to which the suit was brought, its motion for judgment dismissing the suit should have been sustained.

In *Phenix Ins. Co. v. Stocks*, 149 Ill. 319, it was held that the setting out of an insurance policy *in haec verba* in the declaration was a sufficient compliance with the statute requiring a copy of the instrument on which the action is brought to be filed with the declaration. The insurance policy in this case was burned in the fire and appellee was therefore unable to set out a copy. He, however, demanded a copy of appellant and as soon as it was furnished him he set it out in the declaration. Under the circumstances, this appears to us to have been a sufficient compliance with the requirements of the law.

In the case of *People v. Pace,* 57 Ill. App. 674, which was a suit at law on a lost bond, it was held by this court that the section of the statute which requires plaintiff to file a copy of the instrument sued on does not relate to instruments which had been lost; that if there was no original instrument in existence the law does not require a copy to be filed, and we adhere to the reasoning upon which that decision was based.

Appellant complains that the court refused one of its instructions, which informed the jury that they should not award appellee damages for injuries to the property resulting from the refusal of a police officer to admit him to the premises for some days after the fire. This instruction was properly refused as by its wording it appears to assume that there were damages to the property resulting from the fact that appellee was not permitted to take possession of his property at once after the fire, and the question as to whether there were such damages was one of fact to be determined by the jury, from all the proof.

The other questions raised by appellant, except those relating to the sufficiency of the proof to sustain the recovery, need not be discussed, as they are of minor importance and are not such as would occur on another hearing of the case, which must be awarded.

The proofs showed that on April 25, 1911, appellant issued a policy to appellee on his household goods for $1,000, for the term of three years. The policy contained, among other provisions, the following: "The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss and to be paid to the assured or the legal representatives of the assured upon receipt and acceptance by the said company, of satisfactory proofs of loss, made as provided herein." Also, "if there shall be other insurance, whether valid or not upon the property herein insured, the assured shall recover of this company no greater proportion of the loss sustained than the sum hereby insured, bears to the whole

amount insured thereon." At the time of the fire, appellee had three other policies of $1,000 each on the same property in addition to appellant's, making a total of insurance of $4,000. The property insured was in a six room house in East St. Louis, Illinois, where appellee, his wife and their fifteen year old son were living. The day before the fire, appellee's wife went to St. Louis and he and the boy went fishing, leaving the house empty. The next morning the house was discovered to be on fire and before it could be extinguished a great many of the articles insured were totally destroyed, while others were damaged by fire and water. Appellee did not learn of the fire until five or six o'clock on the evening of the day of its occurrence, when he returned and found police officers in charge of the premises, and it was nearly a week thereafter before he again gained possession of the same. He was indicted for arson in connection with the fire, but the State's Attorney of the county afterwards entered a *nolle prosequi*. Appellee in his testimony was permitted to use an inventory made by himself and wife soon after the fire, and afterwards submitted with proofs of loss to the several insurance companies, of the property claimed to have been destroyed or injured and to testify therefrom as to the fair cash value of the articles therein enumerated. The total valuation made by him amounting to $4,385.90. In fixing the value of his own clothing, which he placed at over $600 and practically all of which had been worn one or more seasons, he stated that the amounts named were what he paid for them and in the same way he fixed the value of his wife's clothing, amounting to some $700, which he stated he knew nothing about except what he had paid for them. The value of the furniture, rugs and other articles about the house were in like manner determined by the cost price regardless of the time they had been in use or their actual value at the time of the fire. There was no other testimony on the part of appellee as to the value of the property, except one

witness, who testified concerning a piano and a mahogany dresser and who also stated that the price of certain other pieces of furniture were higher now than when appellee purchased the same. The list from which appellee testified, together with the sworn proof of loss, was admitted in evidence, over appellant's objection.

The statement that hundreds of dollars worth of wearing apparel—suits, hats, dresses, shoes, linens and underclothing—that have accumulated in a family for a number of years, and have been worn from time to time, have a fair cash value equal to the original purchase price, cannot be taken seriously, unless there is some particular reason shown why such value has been maintained, which was not done in this case, and the same reasoning must apply with some modification to furniture and articles of household use. In the testimony of appellee, no deductions appear to have been made for articles that were not destroyed but only damaged. The amount testified to by appellee would seem to be the total sound original value of the goods insured and not the amount or extent of the loss or damage occasioned by the fire, which was the proper subject of inquiry. *Lancashire Ins. Co. v. Lyon,* 124 Ill. App. 491.

It was proper to admit the proof of loss, with an attached inventory in evidence, to show that appellee had complied with the provisions of the policy in regard to furnishing the same, but they were not proper evidence to be considered by the jury in fixing the value of the articles named therein. The policy sued on provided, as above stated, that the amount of such loss or damage was to be estimated "according to the actual cash value of the property at the time of the loss." Also that the assured should recover of appellant "no greater proportion of the loss sustained, than the sum hereby insured bears to the whole amount insured thereon." The amount of the recovery against appellant was $775, and as the amount of the

insurance carried by appellant was but one-fourth of the total amount of the policies taken out on the same property by appellee, it must be assumed that the jury valued the property at four times the amount of the verdict in this case, or $3,100, and they must therefore have been to a large extent controlled in fixing values by the purchase value of the articles contained in the schedule as sworn to by appellee and stated therein.

It appears to us that an improper basis was used in determining the actual cash value of the property destroyed at the time of the fire, and that the judgment based on the verdict resulting therefrom should not be permitted to stand. The judgment of the court below is accordingly reversed and the cause remanded.

*Reversed and remanded.*