[No. 17548.    Department Two.    May 16, 1923.]

ANNA KATHERINE YOUNG, *as Executrix etc.,*
*Respondent,* v. TRAVELERS INSURANCE
COMPANY, *Appellant.*[1]

PLEADING (134, 136)—BILL OF PARTICULARS—RIGHT TO—EXCUSE—ABILITY TO FURNISH—STATUTES. Plaintiff is excused from furnishing a copy of the policy in suit, under Rem. Comp .Stat., § 284, excluding evidence thereof when demand therefor is not complied with, where she alleges that it was in standard form and that she never had possession of the policy.

INSURANCE (184)—ACCIDENT INSURANCE—ISSUANCE OF POLICY—ACTIONS—EVIDENCE—SUFFICIENCY. The evidence makes a question for the jury as to the identity of the insured, J. R. Y., whose life was lost with that of another of the same surname, R. Y., in the same catastrophy, where the insurance agent testified that he knew J. R. Y. personally, recognized his photograph, and stated that the policy was issued to him.

INSURANCE (180)—ACTIONS ON POLICY—EVIDENCE—ADMISSIBILITY—IDENTITY OF INSURED. Upon an issue as to whether a life insurance policy was issued to J. R. Y. or to R. Y., two men of the same surname on the same ship, it is not error to exclude evidence that R. Y. had, on previous trips, taken out similar policies and mailed them to his sister, where there was no such mailing in this instance, and the agent testified positively that he issued the policy to J. R. Y.

[1] Reported in 215 Pac. 383.

INSURANCE (189)—ACCIDENT INSURANCE—CONTRACT—LIABILITY—
INSTRUCTIONS. Upon an issue as to whether a lost policy was issued
to plaintiff's decedent, it is proper to refuse an instruction making
the case turn on whether decedent's name was properly written on
the stub of the policy.

INSURANCE (151)—INTEREST (20)—TIME AND COMPUTATION—AC-
CRUAL OF ACTION ON ACCIDENT POLICY. Under a life insurance policy
providing that no action could be maintained thereon until sixty
days after receipt of proofs of loss, interest is properly allowed
from the date on which the company denied liability.

COSTS (84)—NEW TRIAL—DISCRETION OF COURT. Where, in the
exercise of discretionary power, a new trial is granted, it is dis-
cretionary to require the losing party at the second trial to pay all
the costs of the prevailing party, including witness fees at the first
trial.

Cross-appeals from a judgment of the superior court
for King county, French, J., entered June 21, 1922,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on an accident insurance policy.
Affirmed.

*Preston, Thorgrimson & Turner,* for appellant.

*Wm. Martin* and *H. A. Martin,* for respondent.

FULLERTON, J.—This action was brought by Anna
Katherine Young, as executrix of the estate of John
R. Young, deceased, against the Travelers Insurance
Company, a corporation, to recover upon an accident
insurance policy. Her cause of action is based upon
the claim that John R. Young, on October 23, 1918,
prior to boarding the steamship "Princess Sophia" at
Skagway, Alaska, to take passage to Vancouver, Brit-
ish Columbia, purchased from an agent of the insur-
ance company a policy of insurance under which $5,000
was payable if the insured lost his life through the
wreck of the steamship. It is admitted that the de-
cedent, John R. Young, was a passenger on the steam-
ship named, and that he lost his life on October 25,

1918, by the foundering and sinking of the ship. The insurance company denied the issuance of a policy to J. R. Young, and whether it did so or not was the sole question of fact presented to the jury. Two trials have been had of the cause, the jury in each case returning a verdict for the full amount of the policy against the insurance company. The verdict following the first trial was set aside by the trial court and a new trial ordered upon the ground that the evidence was not sufficient to sustain the verdict. Upon the second trial, the court below permitted the verdict to stand and entered judgment accordingly. The insurance company appeals from the entire judgment, and the plaintiff from the order of the court as to the allowance of interest.

The cause was tried upon an amended complaint, which set forth the contract of insurance in its substance and effect; the plaintiff alleging that she did not have the policy, and that it had never come into her possession, but that same, according to her understanding and belief, was the standard form of policy used by the insurance company at the place of its issuance. On its appearance in the action in response to the summons served upon it on the filing of the original complaint, the insurance company demanded of the plaintiff a copy of the insurance policy, and again renewed its demand on the filing of the amended complaint. No copy was furnished in response to either demand, and on the trial the insurance company objected to the introduction of any evidence of the policy because of the neglect and failure of the plaintiff to comply with its demand. The trial court overruled the objection, and this ruling forms the basis of the first error assigned. The statute upon which the objection is based is found at § 284 of Rem. Comp. Stat. [P. C. § 8368], and reads as follows:

"It shall not be necessary for a party to set forth in a pleading a copy of the instrument of writing, or the items of an account therein alleged; but unless he file a verified copy thereof with such pleadings, and serve the same on the adverse party, he shall, within ten days after a demand thereof in writing, deliver to the adverse party a copy of such instrument of writing, or the items of an account, verified by his own oath, or that of his agent or attorney, to the effect that he believes it to be true, or be precluded from giving evidence thereof. The court, or judge thereof, may order a further account, when the one delivered is defective, and the court may, in all cases, order a bill of particulars of the claim of either party to be furnished."

For a palpable disobedience of this requirement of the statute this court has in a number of cases held that it was error not to enforce its provisions. *Plummer v. Weil*, 15 Wash. 427, 46 Pac. 648; *Sanborn v. Dentler*, 97 Wash. 149, 166 Pac. 62, 6 A. L. R. 749; *Ford v. Leschi Market & Grocery Co.*, 117 Wash. 686, 202 Pac. 247.

But we have also held that a party is not required to furnish by a bill of particulars facts already in the possession of his adversary, nor is he required to furnish by that means copies of instruments as accessible to his adversary as they are to him (*Messick v. National Council of Knights & Ladies of Security*, 103 Wash. 143, 173 Pac. 940); and have also held that, since the penalty imposed is severe, the statute will be strictly enforced only in those cases where the right is clear. *McDonald v. McDonald*, 119 Wash. 396, 206 Pac. 23.

In this instance, it is at once apparent that the plaintiff could not comply literally with the demand. She did not have, and never had, the policy in her possession, and to furnish a literal copy of it was impossible.

But the appellant argues that she should have complied with the demand as near as may be. This, however, would have given the appellant no additional information. The best she could do would be to repeat the facts which she had alleged in her complaint, and this information the appellant then had. The statute must receive a rational construction. It will not do to construe it literally, as such a construction would prevent a recovery on every lost instrument, and manifestly this was not the intent of the legislature. We cannot conclude, therefore, that the court erred in refusing to permit proofs of the insurance contract.

A case in point is *Security Insurance Co. v. Slack*, 183 Ill. App. 579. The action was upon a lost insurance policy. The court said:

"Paragraph 32 of our Practice Act (J. & A. § 8569), provides that: 'If the declaration and copy of the instrument of writing or account on which the action is brought, shall not be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of non suit.' Appellant insists that as the copy of the insurance policy here sued on was not filed ten days before the second term of the court, to which the suit was brought, its motion for judgment dismissing the suit should have been sustained.

"In the case of *People v. Pace*, 57 Ill. App. 674, which was a suit at law on a lost bond, it was held by this court that the section of the statute which requires plaintiff to file a copy of the instrument sued on does not relate to instruments which had been lost; that if there was no original instrument in existence the law does not require a copy to be filed, and we adhere to the reasoning upon which that decision was based."

Under a similar statute in Indiana it has been held that, upon an allegation that the instrument sued upon is lost, it is not necessary to furnish a copy. *Blasingame v. Blasingame*, 24 Ind. 86; *Anderson School*

*Township v. Thompson,* 92 Ind. 556; *Douthit v. Mohr,*
116 Ind. 482, 18 N. E. 449; *Swatts v. Bowen,* 141 Ind.
322, 40 N. E. 1057.

The appellant next contends that the court erred
in submitting the case to the jury upon the facts.  It
appears from the record that, in addition to the plain-
tiff's decedent, J. R. Young, there was also an R.
Young, who took passage on the same vessel. R. Young
also died as a result of the foundering of the vessel.
There was only one policy issued to a person named
Young.  The heirs of R. Young, through his executor,
made claim to the insurance, and the insurance com-
pany, under the belief that R. Young was the person
insured, paid the insurance to his executor.  Some
part of the insurance company's records had been
destroyed prior to the commencement of the present
action, and the fact as to which of the Youngs the policy
was issued rested largely in the recollection of the
agent who issued the policy.  This agent testified
positively that he knew J. R. Young personally, that
he recognized him by his photograph which was in-
troduced in evidence, and that the policy was issued to
J. R. Young.  While there is much that casts a doubt
whether the witness correctly remembered the trans-
action, the fact was for the jury and we cannot say
that their verdict was without evidence in its support.

The appellant offered evidence to the effect that R.
Young, on the last two of his five one-way trips to
and from Alaska, had taken out accident insurance
policies similar to the one here in question and had
mailed them, before starting his journey, to a sister.
The court rejected the evidence and error is assigned
thereon.  But we cannot think this ground for reversal.
Its probative force was slight at best; it could tend only
to show a probability that R. Young was the purchaser

of this insurance rather than J. R. Young. But the
force of even this is lost by the other circumstance
that he did not in this instance mail the policy to the
sister, as he did in the others. Conceding, therefore,
that the proffered evidence was admissible, we can-
not think its exclusion reversible error.

The appellant requested the following instruction:

"I instruct you that the contract sued upon in this
case, if there was any such contract, was a written con-
tract consisting of two parts, one being the policy and
the other the stub, the policy by its terms insuring the
person named in the stub. It is necessary, therefore,
for the plaintiff in order to recover to prove by a pre-
ponderance of the evidence that the name of J. R.
Young appeared on the stub of the policy upon which
plaintiff claims. If you do not find, therefore, by a
preponderance of the evidence, that the name of J. R.
Young was written on the stub of the policy under
which plaintiff claims, you will find a verdict for the
defendant."

But we cannot accept this as a correct statement of
the rule. The question for determination was whether
in fact the policy had been issued to J. R. Young, not
whether his name was correctly written on the stub
torn from the policy. In other words, the plaintiff is
entitled to recover if the proofs show that the policy
was issued to her decedent, regardless of the name
written on the stub. The court, in its instructions,
recognized this principle, and we find no error in its
refusal to give the requested instruction, or in giving
instructions stating the rule as we conceive it to be.

In submitting the case to the jury, it was stipulated
that the jury, if they found for the plaintiff, should
return a verdict for the face value of the policy, and
that the question of interest should be determined by
the court. In entering judgment on the verdict the
court allowed interest from September 8, 1919, the

date upon which the appellant advised the plaintiff that it had issued no insurance policy to J. R. Young. The appellant insurance company assigns error on this ruling, contending that interest should be allowed only from a much later date. The plaintiff's appeal is based on the contention that interest should be allowed from the date of the issuance of the policy. But we find no error in the conclusion of the court. By the terms of the policy, no action would lie thereon until sixty days after the proofs of death reached the office of the insurance company, and interest would not commence to run until the right of action accrued. There was, therefore, a day of grace, and, from the record, we cannot say that the court did not correctly determine it.

The final contention of the insurance company is that the court erred in allowing witness fees to a witness (W. R. Gray), who attended at the first trial of the cause. It is objected that this was error, under our decision in *Briglio v. Holt & Jeffery,* 91 Wash. 644, 158 Pac. 347. But we think this mistakes the effect of the decision. The costs of the prevailing party on an appeal are recoverable against the losing party regardless of the final outcome of the action, and this was what we meant to say in the decision cited. Whether the costs of a prior trial are to be taxed in favor of the prevailing party on the final determination of the cause depends upon the circumstances of the case. We have held that, where the losing party is entitled to a new trial because of error of law committed by the trial court, he is entitled to it unconditionally, and that the trial court cannot, as a condition precedent to granting the new trial, require a waiver of costs on his part. *Casey v. Malidore,* 19 Wash. 279, 53 Pac. 60. But where a new trial is granted in the

exercise of some discretionary power of the court—
where, as for example, the court is not satisfied that
the jury determined the facts in accordance with the
weight of the evidence—it is within its discretion
whether it will require the losing party to pay all or
any of the costs of the prevailing party or waive the
right to his own costs, as a condition precedent to the
granting of a new trial. *Wolfe v. Ridley*, 17 Idaho 173,
104 Pac. 1014, 20 Ann. Cas. 39, and note. We conclude,
therefore, that there was no error in allowing the costs
to which objection is made.

The judgment is affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ.,
concur.