[No. 12903.  Department Two.  November 17, 1915.]

# F. E. FARRINGTON, *Respondent*, v. G. M. BUSHNELL *et al.*, *Appellants.*[1]

MECHANICS' LIENS—FORECLOSURE—NOTICE OF LIEN—DESCRIPTION—SEPARATE TRACTS. Where a notice of a mechanics' lien upon farm buildings described three separate and noncontiguous tracts of land without showing upon which tract the buildings were situated, there can be no foreclosure of the lien where there was no evidence that the three tracts were used as one farm and that the buildings served all three, nor upon which tract they were located.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered January 28, 1915, in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court.  Reversed.

*Chas. D. King*, for appellants.

*Thos. M. Vance*, for respondent.

. MAIN, J.—The purpose of this action was to foreclose a lien for the balance claimed to be due for labor and material furnished by the plaintiff to the defendants.  The complaint contained three causes of action, the first of which was based upon an oral contract, wherein, as the plaintiff alleges in general terms, he was employed by the defendant G. M. Bushnell to paint the outside of the defendants' dwelling house and the concrete basement thereof, the foreman's cottage, and the conservatory and greenhouse, and to finish and decorate the new part of the defendants' dwelling, all for the agreed price of $1,254.25.  The plaintiff also claimed the sum of $110.50 for extra labor and material.  Upon this contract, it is alleged that the sum of $1,000 had been paid.

The defendants answered by denying that the contract alleged in the complaint was the true contract, and set out in detail the terms of the oral contract which they claimed was entered into.  They admit the payment of $1,000, but allege

[1]Reported in 152 Pac. 991.

that, after the payment of that sum, the plaintiff abandoned the contract before he had fully completed the same. They also allege that much of the work was defective in workmanship and material, and that the value of the work done and material furnished was only the sum of $454.25. The defendants sought to recover a judgment for $546.75. They also denied the plaintiff's claim for extra work and material.

The cause, after the issues were framed, was tried before the court without a jury. The notice of claim for lien was introduced in evidence over the objection of the defendants that "It does not describe the property subject to a lien with sufficient certainty." It appears that the notice of claim for lien described three distinct and noncontiguous tracts of land, with nothing to indicate upon which tract the improvements or structures upon which the plaintiff performed the labor or for which he furnished the material are situated. A judgment was entered in favor of the plaintiff in the sum of $359.25, together with costs and an attorney's fee of $50. No findings of fact or conclusions of law were entered, and none appear to have been requested by either party. From the judgment entered, the defendants have appealed. As to the second and third causes of action, a judgment of dismissal was entered, and no appeal has been prosecuted from that portion of the judgment.

The question of first importance in the case is, What were the terms of the oral contract under which the labor was performed and the material furnished? If the contract was as claimed by the respondent, it was fully performed. If the contract was as claimed by the appellants, the respondent did not perform all the work which he had contracted to do for the price named. Upon this question the evidence is sharply conflicting. That offered by the respondent tends to sustain his version of the terms of the contract. That offered by the appellants tends to support their claim that the respondent abandoned the work before he had done all that he was required to do under the terms of the oral contract.

While the trial judge made no findings of fact nor conclusions of law, yet he must have been of the opinion that the evidence preponderated in favor of the respondent's claim as to the terms of the contract; otherwise a different judgment would have been entered. Without reviewing the evidence in detail, it may be said that, after giving careful consideration to all the evidence, we are of the opinion that it preponderates in favor of the respondent.

The next question is whether the trial court erred in entering a judgment foreclosing the lien. Whether the objection of the appellants to the introduction of the notice of claim for lien was sufficient, we will not inquire, but will assume that the lien notice was properly introduced in evidence. The property covered by the claim for lien was farm property and consisted of three separate and noncontiguous tracts of land. It does not appear upon which tract the buildings upon which the labor was performed and the material was furnished were located. The respondent claims that the three tracts of land were used and operated by the appellants as one farm, and that the rule in such cases is that where there is a common user, even though the tracts of land are noncontiguous, that the lien for labor performed and material furnished upon the buildings upon any one of the tracts will attach to all. Assuming, without deciding, that the rule is as the respondent claims, it is not applicable in this case, as there is no testimony in the case to show that the three tracts of land were used as one farm and the buildings upon whichever tract they were located served all three. Neither is there any evidence to show upon which particular tract the buildings are located. In the absence of evidence showing upon which tract the buildings are located, no claim of lien can be foreclosed upon that particular tract; and in the absence of any evidence showing that the three tracts of land were operated as one farm and that the buildings served all of the tracts, the lien cannot be foreclosed upon all three.

The judgment, so far as it directs the foreclosure of the lien, is erroneous. The cause will be remanded with directions to the superior court to eliminate from the judgment that provision which provides for the foreclosure of the lien. The appellants will recover costs in this court.

MORRIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.