[No. 16629.   Department Two.   December 8, 1921.]

JOSEPH FORD, *Respondent,* v. LESCHI MARKET & GROCERY COMPANY *et al., Appellants.*[1]

PLEADING (134, 136)—BILL OF PARTICULARS—RIGHT TO—EXCUSE—SUFFICIENCY OF COMPLAINT. In an action brought to recover a balance due on account, one item being for wages in the sum of $525, which did not set out the rate per month, or the months for which payment was delinquent, or payments made on account thereof, the plaintiff is precluded from giving evidence as to such item, under Rem. Code, § 284, where he fails to file a bill of particulars ordered by the court on demand of the defendant.

SAME (134)—DEMAND FOR PARTICULARS—WAIVER. Answer to a complaint on account, after failure of plaintiff to comply with an order for a bill of particulars, does not constitute a waiver of the demand by defendant.

Appeal from a judgment of the superior court for King county, French, J., entered April 8, 1921, in favor of the plaintiff, in an action on account, tried to the court. Modified.

*Baxter & Jones,* for appellants.

*Walter B. Allen,* for respondent.

MAIN, J.—This action was brought for the purpose of recovering the balance due on an account. The trial court permitted a recovery in the sum of $398.97, and entered judgment accordingly. The defendants appeal.

The appellants had been operating a grocery store and market since the latter part of the year 1915, and the respondent had worked for them in the store until the latter part of November, 1919. The business was under the supervision of Walter D. Allison, the son of the appellant Etta Allison, until October, 1917, when he entered the army of the United States, where he was until the 30th day of April, 1919. While Walter D.

[1]Reported in 202 Pac. 247.

Allison was in the service, the respondent acted as manager of the store. In this capacity he made the purchases, paid the accounts, drew checks, and a considerable portion of the time kept the books. He admitted that his salary had been fully paid up to the first of March, 1919, but claimed that, subsequent to that time, there was a balance due him of $525. Paragraph 2 of the complaint is as follows:

"That for about four years prior to November, 1919, the plaintiff performed services and labor for the said Leschi Market & Grocery Company upon which there is a balance due him of five hundred and forty-eight dollars and ninety-seven cents ($548.97), as follows:

"Balance due on wages..............$525.00
One (1) calf furnished his employer..   16.06
Payment on truck..................    1.00
Groceries furnished his employer...    6.91"

After the complaint was served, the appellants served a demand that they be·furnished "with a bill of particulars of the items of the account alleged in the complaint herein." This demand was served. on the 6th day of April, 1920. The demand was not complied with, and on the 17th day of April, 1920, the appellants answered by general denial. Upon the trial the appellants sought to prove payment, which was objected to on the ground that it had not been pleaded. They were permitted to amend and the cause was continued until the following day, upon the condition that the appellants furnish an itemized statement showing when the payments were made. When the respondent offered testimony as to the balance of the salary claimed to be due by him, it was objected to because he had not complied with the demand for an itemized statement. This objection was overruled and the trial proceeded as above indicated.

The first and controlling question is whether the respondent, not having complied with the demand to itemize the balance that he claimed due for salary, was entitled to introduce evidence in support thereof. Remington's 1915 Code, § 284 (P. C. § 8368), provides:

"It shall not be necessary for a party to set forth in a pleading a copy of the instrument of writing, or the items of an account therein alleged; but unless he file a verified copy thereof with such pleadings, and serve the same on the adverse party, he shall, within ten days after a demand thereof in writing, deliver to the adverse party a copy of such instrument of writing, or the items of an account, verified by his own oath, or that of his agent or attorney, to the effect that he believes it to be true, or be precluded from giving evidence thereof. The court, or judge thereof, may order a further account, when the one delivered is defective; and the court may, in all cases, order a bill of particulars of the claim of either party to be furnished."

It will be noticed by this statute that, unless the demand there provided for is complied with, the party in default shall be precluded from giving evidence of the matters pleaded to which the demand was directed. With reference to this statute, in *Sanborn v. Dentler,* 97 Wash. 149, 166 Pac. 62, it was said:

"It is true that, in many cases, the requirement of a bill of particulars is a matter of discretion with the court; but under our practice, under Rem. Code, § 284, when an account is sued upon, unless the party, within ten days after demand therefor in writing by the adverse party, shall deliver to the adverse party a verified bill of particulars of the items of the account, *he is precluded from giving evidence thereof,* and in case an itemized account stated is defective, the court may order a further account. It was shown at the trial that the respondent kept an account book with all his accounts shown therein, and that the particular items of account with Mr. and Mrs. Woodman were kept in that book in the ordinary course of business, together

with other accounts, and all the items of the visits and memoranda as to the nature of the ailments with which the patients were suffering were kept therein. In *Plummer v. Weil*, 15 Wash. 427, 46 Pac. 648, we held that an allegation in connection with the bill of particulars, to the effect that it was impossible for the party relying thereon to comply with the order of the court any better than he had already done, or to make the bill of particulars any more specific on the points directed in the order of the court, furnished no excuse; and it was stated that the bill of particulars furnished was insufficient and 'its insufficiency cannot be excused upon the ground that plaintiff kept no books and cannot specify the services or state their value. He assumed the burden of so doing when he brought his action in the present form. . . . "The failure to keep an account of these services is the fault of the plaintiff, and he must suffer for it, if any one." ' . . .

"It certainly was as possible for respondent to itemize the quantity and value of the medicine furnished by him at each visit, when making his entries in his book, as it was for him to itemize the number and length of his visits, the nature of the other services performed by him, and the kind of medicines furnished. If he could not, he is the one who should suffer. Under the statute heretofore quoted, we think his evidence as .to the amount and value of the medicines furnished should have been excluded for his failure to furnish, upon demand, a bill of particulars thereof."

The present case falls within the holding of that case. The respondent seeks to be relieved from complying with the demand, first, because he claims that the statement in the complaint was sufficient; and second, that, by answering, the demand was waived. The complaint, so far as the balance due for services is concerned, simply specifies balance due on wages $525. It does not set out either the rate per month or the months during which the salary claimed had been earned. Neither does it set forth any payments. These were matters which were within the respondent's know-

ledge and which the appellants had a right to be informed of in order that they might be in a position to meet his demand. There is no merit in the other position taken by the respondent, to the effect that, by answering, there was a waiver. There was a failure here to comply with the specific statute which provides that, if such a demand is not complied with, the party in default shall "be precluded from giving evidence thereof." It was error for the trial court to permit the testimony in support of the balance claimed to be due for salary and to enter judgment in any amount on that item.

The cause will be remanded to the superior court with directions to modify the judgment as herein indicated.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.