[No. 17923. Department One. May 1, 1924.]

ROYAL DAIRY PRODUCTS COMPANY, *Respondent*, v. SPOKANE DAIRY PRODUCTS COMPANY, *Appellant*.[1]

SALES (127)—ACTION FOR PRICE—DEFENSES—PURCHASE FOR UNLAWFUL PURPOSE. One who buys milk powder for the unlawful manufacture and sale of milk, cannot recover damages for loss of customers and anticipated profits, by reason of any defect in the milk powder when used for such unlawful purpose.

SAME (10,)—CONTRACT—VALIDITY—ORDER FOR GOODS AND ACCEPTANCE. Damages cannot be claimed for failure to sell and deliver milk products sold on an order of a broker which plainly specified that it was subject to confirmation, when the defendant never confirmed the order.

ACCOUNT, ACTION ON (3)—EVIDENCE—ADMISSIBILITY. In an action upon an account, a statement of the account prepared by an expert accountant from defendant's books, at the instance of the defendant's manager and for its benefit, and delivered to defendant's bank, is competent and properly admitted in evidence.

APPEAL (111)—PRESERVATION OF GROUNDS—QUESTIONS NOT RAISED BELOW. Objections to the proof in an action on an account, in that it was necessary to show that articles sold complied with the law, not made below and first raised in appellant's reply brief, will not be considered.

INTEREST (22)—TIME AND COMPUTATION—OPEN ACCOUNT. In an action upon an account, interest is properly allowed at the legal rate from the date of the last item claimed by the plaintiff, where there was no controversion of the items.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered November 18, 1923, in favor of the plaintiff, upon withdrawing defendant's affirmative defenses from the consideration of the jury, in an action on contract. Affirmed.

*E. R. Lindsey*, for appellant.

*Plummer, Zent & Lovell* and *Stephens & Jack*, for respondent.

[1]Reported in 225 Pac. 412.

HOLCOMB, J.—This is an action on an open account accruing between October 1, 1921, and June 1, 1922, for goods, wares and merchandise in the shape of dairy products of various kinds, alleged to have been of the reasonable and agreed value of $2,030.52.

Appellant entered a general denial and set up two affirmative defenses, which the trial court withdrew, together with the evidence offered in support thereof, from the consideration of the jury at the trial of the case, and ordered judgment for respondent in the sum demanded in the complaint.

Appellant vigorously contends that its affirmative defenses should have been submitted to the jury.

In the first affirmative defense it claimed damages by reason of loss of customers for milk manufactured out of milk powder purchased from the respondent. The trial judge correctly held that the sale of diluted milk in the state of Washington is unlawful; that the evidence was uncontroverted that respondent had no knowledge that appellant purchased the milk powder for unlawful purposes, and that appellant could not suffer any damages for losing any customers, if he had lost customers and anticipated profits, by reason of any defect in the milk powder when used for an unlawful purpose.

There can be no question but that the ruling of His Honor was correct, and the defense and counterclaim was improper.

In the second affirmative defense and counterclaim appellant sought damages for refusal to deliver fifty barrels of milk powder alleged to have been contracted to be sold to appellant by respondent.

The evidence affirmatively showed that this alleged contract was purported to be entered into between appellant and Kelley-Clarke Company, brokers of Spo-

kane, who dealt in dairy products. On May 23, 1922, an order was taken by Kelley-Clarke Company for skim milk powder, to be taken as wanted by appellant from that date to December 30, 1922, it being understood that the quantity would not be less than ten barrels nor exceed fifty barrels during that time, at eight cents per pound, less two per cent discount within ten days. But the contract plainly specified that it was "subject to confirmation." It is executed only by Kelley-Clarke Company. Respondents never confirmed the contract. It therefore never became the contract of respondent.

Appellant was, therefore, not entitled to recover any damages under the second affirmative defense and it, and the evidence offered in support thereof, were properly withdrawn from the consideration of the jury.

At the conclusion of all of the evidence, with these defenses properly withdrawn from the consideration of the jury, there was evidence on the part of respondent that the goods, wares and merchandise sold appellant were of the reasonable value of "something over $2,000." There was a statement, which had been made at the instance and on behalf of appellant, which had incorporated therein an item that it was indebted to respondent on the current account in the sum of $1,998.39, as of May 31, 1922. Appellant stoutly resisted the admission of this statement and contends that it was error.

There can be no question that the statement was competent and admissible. It was a statement prepared at the request of the manager of appellant, for the benefit of appellant, and a copy of it was delivered to appellant's bank, and a copy was also probably delivered to the Spokane Merchants' Association. It was identified by the manager for appellant himself. While

he testified that he did not know of his own knowledge that it was correct, he also testified that he directed it to be prepared, and that an expert accountant had prepared it from the books and papers of appellant. He also admitted that nothing had been paid upon the account. By this statement in evidence, and the admissions of the manager of appellant, $1,998.39 was uncontrovertibly shown to be due upon account to respondent, on and prior to May 31, 1922. This is within $32 of the amount sued for by respondent and allowed by the trial court.

Another witness, who had previously been manager of appellant during the time the account with respondent was incurred, and who was familiar with the books of appellant up to January 14, 1922, testified that, to his knowledge, the account aggregated "something over $2,000."

Although appellant in its answer denied the account, and that there was anything due thereon, there was no evidence on the part of appellant controverting the *prima facie* case made by respondent that there was something over $2,000 due on account, no part of which had been paid by appellant, and the incontestable showing made that there was at least $1,998.39 due upon the account, by the written statement in the nature of an admission by appellant.

In its reply brief, appellant makes the new contention that respondent was required to show, in proving its account, that the dairy products sold and delivered to appellant, if any, were of a nature to comply with the requirements of the statute as to the butter fat content of the cream, and also as to the quality of the skim milk powder, citing § 1855-1, P. C. [Rem. Comp. Stat., § 6164]. As a general proposition this contention is not good. However, this point was not raised at

any time, so far as the record shows, during the trial, or at all, until in the reply brief of appellant, and it is for that reason improper to be considered.

As to the question of interest at the legal rate allowed by the trial court upon the account, the evidence showed *prima facie* that the greater part of the account had accrued prior to January, 1922, the former manager of appellant testifying that, during the latter part of December, 1921, his examination of the accounts of appellant showed that there was then due more than $2,000 to respondent. There was, therefore, no error in allowing interest from the date of the last item claimed by respondent, since there was no controversion of the items of account by appellant.

There is no error and the judgment is affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.