[No. 19076.   Department One.   April 2, 1925.]

M. E. SMITH & COMPANY, *Appellant,* v. WILLIAM
HANSON *et al., Respondents.*[1]

NEW TRIAL (22)—ACCOUNT, ACTION ON (3)—EVIDENCE— SUF-
FICIENCY.  In an action on account for goods sold after June 25, 1921,
it is error to refuse a new trial to enable a plaintiff, a foreign
corporation, to show the complete account prior to that date, in
order to meet a claim made by the defendants that a check (which
was not credited on their account, and which plaintiff claimed bal-
anced the account to that date) was for goods purchased after that
date, which claim the plaintiff could not have anticipated from
the pleadings, and where the defendants account was inaccurate and
uncorroborated and the sole basis for the decision.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered April 2, 1924,
upon findings in favor of the defendants, in an action
on contract, tried to the court.  Reversed.

*C. E. Udell,* for appellant.

*Geo. F. McAulay,* for respondents.

ASKREN, J.—Plaintiff brought this action to recover
an unpaid balance on an open account of $298.65.  The
complaint alleged that, between the 20th day of August,
1919, and the 1st day of October, 1920, the plaintiff
had sold to the defendants merchandise in the sum of
$15,493.21, and that all had been paid except $298.65,
and in addition, interest was claimed upon past due
accounts.  Defendants answered, admitting the amount
of goods purchased, the amount paid thereon, and
further alleged that, on the 31st day of December,
1921, plaintiff had rendered to respondents a state-
ment showing a balance due on that date of $2,098.65,
and that thereafter they had paid $1,800 upon the
account, leaving a balance due of $298.65; that on the

[1]Reported in 234 Pac. 462.

14th day of March, 1923, the defendants tendered to plaintiff the sum of $367 as payment in full of the balance due of $298.65, and interest from December 31, 1921, on the unpaid portions of the account, and costs then accrued, which tender plaintiff refused. They further alleged that, ever since that time, they had been, and were then, ready and willing to pay the sum of $367 in full settlement. Thereafter an amended answer was filed in which the defendants admitted the purchase of the goods in the amount alleged in the complaint; that they had fully paid the amount thereof, and by way of an affirmative defense alleged that, on the 31st day of December, 1921, plaintiff had rendered a statement of the balance due in the sum of $2,098.65; alleged payment of $1,800, and the tender of $367 as in the original answer alleged, and by way of a further defense and cross-complaint alleged the purchase of goods in the amount shown by the complaint, an over-payment thereon of $564.76, and asked for judgment in that amount, with interest. The plaintiff, replying, denied the overpayment, and prayed for judgment in accordance with its original complaint.

Upon the trial of the cause, the court entered judgment for defendants in the sum of $564.76, from which judgment the plaintiff has appealed. Several assignments of error are urged by appellant, but we will notice but one, the refusal of the court to grant a new trial.

The evidence in this case discloses that the parties had been doing business with each other for some nine years prior to the commencement of the action. That goods were frequently shipped and invoices regularly rendered. There has never been a substantial dispute between the parties as to the amount of the account during all the years they transacted business. The particular transaction which gave rise to the claimed

overpayment by respondents was a check issued by the respondents in January, 1920, of $863.41, which check did not appear upon the books of respondent, and they claim to have failed to take notice of the same, or to charge the appellant therewith until after the institution of this action. The appellant admitted receipt of the check, and claimed that it covered goods purchased previously to those sued upon in the complaint. It is the contention of the appellant that this check of $863.41 was a final payment which balanced the account up to June 25, 1919, and that, since the account was then balanced, they brought this suit as a new account, starting from that date. Respondents' contention is that this check was issued in payment for goods purchased after the 25th day of June, and therefore should be applied upon the account sued for herein. Appellant being a corporation with its principal place of business at Omaha, practically all of its evidence was given by way of deposition.

At the time of the trial, to offset the testimony of appellant's witnesses that the check was ·for goods purchased previous to those sued for, respondents offered in evidence their books of account, wherein a balance was struck on January 6, 1919. The trial court gave unusual credit to these books of account, and felt further fortified in accepting the balance as there shown because of a statement sent by appellant on the same date. Upon motion for a new trial, the appellant offered the affidavits of certain of its officers to the effect that the complete book accounts of the company would demonstrate conclusively that there had been no overpayment of this account, explaining further in detail the transactions between the parties, the account to which credit had been given, and alleged that the balances as shown by defendants' books were incorrect. A further affidavit was filed by the attorney

for appellant in which he stated that he did not understand under the pleadings that it would be necessary to have at the trial the complete book accounts going back over so many years prior to the account sued for in the complaint. Undoubtedly, the trial court felt that the pleadings had been such as to apprise the appellant of the necessity for having all of the accounts there, and denied the motion. We think this was error.

While ordinarily we will not interfere with the trial court's discretion in refusing to grant a new trial in such a case, there are certain facts in this action which impel us to do so. The defendants' books of account offered in evidence are not such as, taken in connection with all the other evidence in the case, would justify the court in accepting them in the face of any clear evidence in contradiction thereof. The books were kept by one of respondents, and a very brief glance at them will show that they were not kept with any great care or precision. There is hardly a total anywhere that has not been changed once or oftener, and it is impossible, although we have labored diligently to ascertain their correctness, to feel satisfied to accept them without other facts and circumstances to corroborate them. The very fact that respondents had paid this check in the sum of $863.41 without making any entry of the same upon their books only demonstrates the inefficiency of the methods adopted in their system of bookkeeping. It is hardly conceivable that respondents made a payment of this amount and received no credit therefor in subsequent statements. This check was large enough that, in the then state of the account between the parties, failure to give credit therefor would immediately challenge their attention.

On the other hand, appellant credited the check to the account of respondents, and an investigation of the

record leads us quite strongly to the conclusion that the trial court should have had the benefit of the new testimony offered by appellant in order that its claim, if just, should be established. Especially should this be done when it is seen that respondents never denied the amount due; had made several promises to pay, and when after suit was brought they first filed an answer admitting that this was the correct amount due. It seems plain to us that the complete accounts of appellant should have been brought to assist the court in arriving at a just and correct decision.

We have not overlooked the fact urged by respondents that appellant should have had all these accounts there at the trial of the action; but we are of the opinion that appellant could hardly have anticipated the situation that arose with regard to this check.

For the reasons stated, the judgment is reversed with instructions to grant a new trial of the action.

Tolman, C. J., Parker, Main, and Bridges, JJ., concur.