[No. 18847.    Department Two.    August 10, 1925.]

## A. W. HARTMAN SHOE COMPANY, *Respondent,* v. WILLIAM HANSON *et al., Appellants.*[1]

PLEADING (134, 137)—BILL OF PARTICULARS—RIGHT TO—EXCUSE— SUFFICIENCY OF COMPLAINT.  Where the items of an account sued on are particularly set out in a bill attached to the complaint, and defendant demanded a bill of particulars without procuring an order therefor, and answered when the demand was disregarded, evidence of the account should not be excluded under Rem. Comp Stat., § 284, so providing in case the items are not set out in the complaint and demand for a copy is not complied with.

EVIDENCE    (138-1)—DOCUMENTARY   EVIDENCE—AUTHENTICATION— BOOKS OF ACCOUNT.  In an action on account, sheets from the books, proved and authenticated by the auditor of the company, are admissible, though the entries were made by subordinate bookkeepers, where they were made under the supervision of the auditor, as a part of the company's system of bookkeeping, from slips furnished the bookkeepers.

INTEREST (22)—TIME FROM WHICH INTEREST RUNS—ACCOUNTS. In an action on account, interest is properly allowed at the legal rate from the date of the last item of the account.

Appeal from a judgment of the superior court for Yakima county, Blake, J., entered May 28, 1924, upon findings in favor of the plaintiff in an action upon account, tried to the court.  Affirmed.

*Geo. F. McAulay,* for appellants.

*Roberts & Roberts* and *Dolph Barnett,* for respondent.

HOLCOMB, J.—This is an action on an account.  The account is a long and complicated one, extending from 1918 to near the end of 1922.  The sum demanded by respondent was $449.06, together with interest at the legal rate from November 12, 1921, until paid.  The court allowed the sum of $422.16, with interest from

[1]Reported in 238 Pac. 17.

the date of the last item, and stated, "this is approximately the amount Mrs. Hanson admitted her books showed to be due plaintiff at the time the last payment was made."

Attached to the complaint and marked "Exhibit A" was a statement of the goods, wares and merchandise sold and delivered to appellants, which showed the date of shipment, the invoice number, the cash or discount memo, the dates when the amounts should be payable, the charges for each invoice or shipment, the credits for remittances received by respondent, the total amount of all goods sold and delivered, the total amount of all remittances received, and the balance due.

Notwithstanding the itemized statement attached to the complaint and made a part of it, appellants made a written demand upon respondent for a bill of particulars calling for a,

". . . full and complete itemized statement of the goods, wares and merchandise alleged to have been sold to appellants, showing the date of each sale, the items of each sale, and the reasonable value of each item thereof; also the items of payment made by appellants to respondent, the date and amount of each such payment, to be served upon appellants within ten days from the date of the demand."

The demand was served upon the respondent on December 12, 1923, and filed two days later. Respondent made no response to this demand, filed no other or further bill of particulars than that attached to the complaint and appellants, notwithstanding such failure, answered within five days after serving the demand for a bill of particulars.

At the trial, appellants objected to the introduction of any evidence under the complaint covering the items

of the account, claiming the benefit of § 284, Rem. Comp. Stat. [P. C. § 8368], which provides that,

"It shall not be necessary for a party to set forth in a pleading a copy of the instrument of writing or the items of an account therein alleged; but unless he file a verified copy thereof with such pleadings, and serve the same on the adverse party, he shall, within ten days after demand thereof in writing, deliver to the adverse party a copy of such instrument of writing, or the items of an account, verified by his own oath, etc."

The trial judge overruled the objection of appellants, upon which error is based.

It is contended that, under the above cited statute and decisions of this court, up to and including *Ford v. Leschi Market & Grocery Co.*, 117 Wash. 686, 202 Pac. 247, the trial court erred.

The *Ford* case, *supra*, was based principally upon the decision in *Sanborn v. Dentler*, 97 Wash. 149, 166 Pac. 62, 6 A. L. R. 749, and cases therein quoted and relied upon where no proper bill of particulars had been furnished by the plaintiff at all. In the *Sanborn* case, *supra*, motions were made to strike, or, in the alternative, to make more specific the items of the account as to the fair and reasonable value thereof, which were by the court erroneously denied.

In this case, the items of account were referred to in the bill of particulars attached to respondent's complaint by date and invoice number, and the amount in money of each shipment, which appellants could have verified by comparison with the invoices referred to in the statement sent them. In any event, were it considered that the bill of particulars was defective or insufficient, since the penalty under the statute is drastic (*McDonald v. McDonald*, 119 Wash. 396, 206 Pac. 23), the proper procedure would have been to move that

a further and more specific bill of particulars be made and secure an order of the court therefor. As it was, appellants simply rested upon their demand for a bill of particulars, although an attempted and rather full bill of particulars had been incorporated in the original complaint, served and filed. If not sufficient, appellants should have so shown the trial court and attempted to procure an order. Since this was not done, we conclude that the trial court did not abuse its discretion in overruling the objections to the evidence as to the items of account.

Errors are claimed upon the admitting in evidence and refusing to strike respondent's exhibits "A" and "B." These were sheets from the books of account of respondent relating to the account of appellants. Appellants insist that the auditor of the company, who had supervision of all its books, could not properly prove and authenticate the items of account and the entries on the books because subordinate bookkeepers actually made the entries, who, alone, could authenticate them.

They were, however, made under the supervision of the auditor. They were embraced in the general system of bookkeeping of the company. The entries were made as testified to in the ordinary course of business from slips furnished, the bookkeepers making the actual written entries. The evidence was therefore competent. *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158.

It is also contended that the court erred in finding that the goods, wares and merchandise sold appellants between December 2, 1918, and November 12, 1921, were of the agreed and reasonable value of $12,695.81.

The principal contention in this regard is that appellants were not given credit for a check claimed to

have been sent by them for $958.75, in October, 1918. Appellants admitted that payments were made on merchandise subsequent to October, 1918, and that, at each time they sent a payment thereon, their own books showed a balance due respondent, but that they failed to enter and carry this large check in their own books from that time until after this suit was started in 1923.

This seems to indicate to us inaccuracy and inefficiency of appellants as bookkeepers, in the same manner and basing thereon the same sort of improbable claim as was shown in another case, recently before this court, wherein they were parties. *Smith & Co. v. Hanson,* 133 Wash. 574, 234 Pac. 462.

There was no error in the allowance by the court of interest at the legal rate from the date of the last item of account. *Lloyd v. American Can Co.,* 128 Wash. 298, 222 Pac. 876; *Royal Dairy Products Co. v. Spokane Dairy Products Co.,* 129 Wash. 424, 225 Pac. 412.

The trial court had appellants before it as witnesses, and decided that their evidence and the evidence of their books under their imperfect bookkeeping methods was not reliable and credible. The issues upon the account were matters of fact which we think the trial court properly decided. There is certainly no preponderance to the contrary.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and MACKINTOSH, JJ., concur.