## METROPOLITAN CASUALTY INS. CO. v. SMITH & SMITH, Inc.

### No. 6649.

Circuit Court of Appeals, Ninth Circuit.

April 25, 1932.

As Modified on Denial of Rehearing June 6, 1932.

Post, Russell, Davis & Paine, of Spokane, Wash., and Senn & Recken, of Portland, Or., for appellant.

Williams & Cornelius, of Spokane, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

This action was brought to recover upon a bond given by the appellant Metropolitan Casualty Insurance Company in connection with the performance of certain road work for the Department of Agriculture. Plaintiff having recovered the full penalty of the bond, the surety company appeals from the decision.

It seems that Albert L. Smith had entered into a contract with the Bureau of Public Roads, Department of Agriculture of the United States, for the construction of a road. A portion of this work Smith sub-

let to Logan Bros., and another portion he sublet to Poe Bros. Smith gave a surety bond for the faithful performance of his contract with the Bureau of Public Roads wherein it was agreed that all claims for labor and material under said contract should be paid by the contractor, Albert L. Smith. He sublet a portion of this work to Logan Bros., who in turn gave him the bond upon which this action was brought to recover for the failure of Logan Bros., to complete the work they had agreed by their subcontract to perform, for which the sum of $4,661.67 was claimed. In addition thereto, appellee claims that material and labor claims aggregating $9,748.82 incurred by Logan Bros. in performance of the contract remained unpaid. The total amount of these two claims ($14,410.49) exceeding the penalty of the bond ($10,000), judgment was rendered for the full amount of the penalty of the bond, with interest. The appellant concedes its liability to the extent of a part of the loss suffered by the contractor Albert L. Smith by reason of the failure to complete the work Logan Bros. have agreed to perform, namely, $4,661.67. With reference to the loss suffered by reason of the failure of Logan Bros. to complete their contract, it is contended that $3,-646.30 of that amount has been discharged by Logan Bros. by reason of work done by Logan Bros. on account of other subcontractors, Poe Bros., who had defaulted in their work.

As to claims for unpaid labor and materials furnished Logan Bros., appellant makes two contentions: First, that the bond was one of indemnity and that therefore Smith, the obligee, could not recover until he had paid these outstanding claims for labor and material.

It is also claimed that the court erred in the reception of the books of account of Smith with respect to such claim for labor and material, and that there was failure of competent evidence to establish these claims.

The primary question with relation to the unpaid claims for material and labor furnished to Logan Bros. turns upon whether or not the condition of the bond with reference to such claims is one of indemnity or surety. That provision of the bond is as follows: "Now therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owner from all

cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default * * * and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

It is contended by the appellee that this provision makes the appellant a surety for payment of such claims and that the principal having defaulted thereon the obligee can enforce the bond without having first paid the claims.

It was decided in Trinity Parish v. Aetna Indemnity Co., 37 Wash. 515, 79 P. 1097, where a bond given on behalf of a building contractor, conditioned upon its faithful performance of all the obligations of the contract, which contract contained an agreement on the part of the contractor to pay for all material and labor used in the building, that such bond was a guaranty of payment of such claims, and that where the contractor had failed to pay the claims when due, as in his contract he had agreed to do, the nonpayment of the claims constituted a breach of the condition of the bond, and that the owner might recover before liens therefor were filed, without first paying the claims. To the same effect is Haas v. Dudley, 30 Or. 355, 48 P. 168. See, also, dictum in Pankey v. National Surety Co., 115 Or. 648, 654, par. 6, 239 P. 808. See, also, Equitable Trust Co. v. National Surety Co., 214 Pa. 159, 63 A. 699, 6 Ann. Cas. 465; Orinoco Supply Co. v. Shaw Bros. Lumber Co., 160 N. C. 428, 76 S. E. 273, 42 L. R. A. (N. S.) 707; Brown & Haywood Co. v. Ligon et al. (C. C.) 92 F. 851.

■ We conclude that upon the bond in question the obligee was entitled to recover for the nonpayment of labor and material claims therein agreed to be paid, without having first paid such claims.

■ As to the sufficiency of the evidence to sustain these claims, the entire question depends upon the admissibility of the books of account received in evidence. The evidence established that the books of account were kept by Smith in the usual and ordinary course of his business as contractor, and that the time books upon which the labor claims were principally based were kept by a timekeeper named Marker, who was out of the state at the time of the trial and

for that reason could not be produced to testify as to the accuracy of the accounts kept by him. The rule with reference to the admissibility in evidence of books of account in the state of Washington is thus stated by the Supreme Court thereof in Cascade Lumber Co. v. Aetna Indemnity Co., 56 Wash. 503, 106 P. 158, 160: "Certain books of the contractors were admitted in evidence at the trial. Appellant claims that these books were incompetent to show the amount of material furnished, by reason of the fact that the general manager who testified concerning the entries therein had no personal knowledge of the transactions. The books were kept in the ordinary course of business by the contractors. These books were competent to show the fact that the materials were ordered and received. 17 Cyc. p. 366; Greenleaf on Evidence (16th Ed.) § 187; Wigmore on Evidence, § 1077. The fact that slips or memoranda were made out by persons delivering and receiving the material, and that such slips were used by the bookkeeper in making the original entries in the books, did not in our opinion take away the character of the books as books of original entry."

See, also, Lloyd v. Reinard, 133 Wash. 114, 233 P. 292; Hartman Shoe Co. v. Hanson, 135 Wash. 512, 238 P. 17. 'These decisions are controlling in determining the competency of the evidence in the federal courts sitting in the state of Washington. Southwest Metals Co. v. Gomez (C. C. A.) 4 F. (2d) 215, 39 A. L. R. 1416; Montgomery's Manual of Federal Jurisdiction and Procedure (3d Ed.) § 417. This rule is in conformity with that which obtains in most jurisdictions. Jones on Evidence, Civil Cases (3d Ed.) § 573.

We conclude that the obligor of the bond was entitled to recovery for the unpaid claims for material and labor contracted by Logan Bros., and that with reference to the damage to the obligee by reason of the failure of Logan Bros. to complete the contract the evidence is sufficient to establish the amount fixed by the trial court therefor. These two items aggregate more than the amount allowed by the trial court, to wit, the penalty of the bond. It is therefore unnecessary to consider the claim of the appellant that Logan Bros. were entitled to a set-off on account of work done by them for the obligor on account of the default of Poe Bros. on Poe Bros.' subcontract, aggregating $3,646.30. We think, however, that the appellant is clearly in error in its interpretation of the evidence, and that the conclusion of the trial court with reference to this item is correct. Appellant's misapprehension grows out of the fact that the total amount paid to Logan Bros. by Smith upon their contract included moneys due under the Poe contract, amounting to $3,281.67. There was also an additional credit of $364.63 which had not yet been paid to Logan Bros.

Judgment affirmed.