[No. 27155.   Department One.   December 9, 1938.]

JOHN GOURLEY, *Respondent*, v. J. F. HATTEN *et al.*,
*Appellants.*[1]

*Velikanje & Velikanje*, for appellants.

*James O. Cull*, for respondent.

MAIN, J.—In the complaint in this case, there are two causes of action, separately stated. In the first, the plaintiff seeks to recover for losses sustained on a shipment of potatoes which, he claims, was handled under an arrangement which is called a joint adventure. In the second, the plaintiff alleges that he furnished potato sacks to the defendants for which he had not been fully paid. The defendants, in their answer, denied liability upon either of the causes of action and sought a money judgment against the plaintiff for a balance that they claimed was due them. The trial resulted in a verdict in favor of the plaintiff in the sum of $365.43. The defendants moved for judgment notwithstanding the verdict, and, in the alterna-

[1]Reported in 84 P. (2d) 1014.

tive, for a new trial, both of which motions were over-ruled. From the judgment entered upon the verdict, the defendants appeal.

The appellants reside in Yakima county, and Mr. Hatten was a buyer of potatoes and will be referred to as though he were the only party appellant. The respondent, John Gourley, doing business under the name of John Gourley Company, is a broker, with offices in the city of Seattle. For twelve or thirteen years, the parties had dealt together upon an oral understanding, and no disagreement had arisen between them until the disagreement which resulted in the present action. Under the arrangement, the appellant would buy potatoes and bill them to the respondent, who would make payment therefor. The respondent would sell the potatoes, and, after figuring the costs and expenses of the transaction and balancing that against the sales price, the profits, if any, would be divided equally between the two parties. As stated, this arrangement went on for a number of years with no disagreement.

Early in the year 1934, the parties had a conversation in the city of Yakima, with reference to which their testimony is not in harmony. The appellant says that, owing to certain losses, they modified their original agreement, and upon all potatoes which were shipped to California he was to buy on a commission basis and was not to be responsible as a joint adventurer. The respondent says that the understanding was, at this conversation, that all potatoes which went to California should be sold before they were shipped.

Sometime after this conversation, ten carloads of potatoes were shipped to California. After having been inspected, and before they were shipped, they had been sold to a wholesaler or broker in San Fran-

cisco. When they arrived, three of the cars were rejected. Subsequent to their rejection, the respondent sold them to another party in San Francisco at a substantial loss. It is for the loss sustained upon these three carloads of potatoes that the respondent seeks to recover in his first cause of action. The second cause of action, as already indicated, was for the balance due for potato sacks which had been furnished by the respondent to appellant.

Upon the question of what the arrangement was as to the ten carloads of potatoes that went to California, the evidence, as already shown, is in conflict. The case was tried to the jury, and upon this conflicting evidence their verdict is controlling. There is substantial evidence to sustain the verdict, and that is all that is required.

■■■ Upon the trial, there were introduced, over objection, what are called ledger cards, the appellant claiming that they were not original entries. One of these cards was made out for every carload of potatoes that was shipped, and on it was a full history of the purchase, expense, receipts, and other data. A witness who had charge of the sales and the bookkeeping for the respondent testified that these cards were original entries; that he either made the entries himself, or that they were made under his supervision; and that they were correct. They were properly admissible under the cases of *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158, *Hartman Shoe Co. v. Hanson*, 135 Wash. 512, 238 Pac. 17, and other cases that might be cited.

This court has substantially adopted the rule stated in 4 Jones, Commentaries on Evidence (2d ed.), 3308, to the effect that:

"The former strict idea of what constituted original entries has been modified to fit the necessities of new

business conditions. . . . Hence, following the rule of necessity, courts do not regard such temporary memoranda [as tags, slips, or tokens] as the originals, but look to the permanent records as original entries."

The appellant makes one or two other contentions, in which we see no substantial merit, and detailed consideration does not appear to be necessary.

The judgment will be affirmed.

STEINERT, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.